No. 1028.

THE STATE OF LOUISIANA EX REL. WINTER & HUNTER VS. THE JUDGES OF
THE COURT OF APPEALS FOR THE SECOND CIRCUIT.

The amount in dispute in this case being more than two hundred and less than one thousand
dollars, the Court of Appeals is commanded by Mandamus to entertain jurisdiction and
try the case. Similar to Lemle vs. Routon, Sheriff, et al., decided at same term.

APPLICATION for writ of Mandamus.

*D. B. Gorham* for the Relators.

*O. Mayo* and *W. W. Farmer*, judges, Respondents.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an application for a *mandamus*. The relators complain that the Court of Appeals for the Second District has, on the ground of want of jurisdiction, dismissed an appeal taken by them returnable to it.

The judgment appealed from, is one perpetuating an injunction obtained by a surety on a delivery bond for $1080, arresting executions issued on two judgments in favor of relators, aggregating $895, exclusive of interest, and subject to a credit of $105, and levied on the property of the surety on the bond, alleged to have been duly forfeited.

In the case of Isaac Lemle vs. J. P. Routon, Sheriff, et al., No. 998 of the docket of this Court, (33 An., p. —,) which is the suit referred to by the relators, we held that, as the matter in dispute therein, viz: the validity of the judgments on which the writs issued, did not exceed one thousand dollars in capital, the case did not come within our appellate jurisdiction, and was, therefore, within that of the Court of Appeals for the Second District.

From the return made to the petition, we understand that our judgment in that case is acquiesced in, and that no objection is urged against granting the relief sought. It is manifest that cases in which the amount claimed, or the matter in dispute, exceeds two hundred

State ex rel. Winter & Hunter vs. Judges of Court of Appeals.

dollars, but not one thousand dollars, are not within the appellate juris-
diction of this Court, but fall within that of Courts of Appeals, and that
where appeals in such cases are dismissed in this Court, they must be
tried by the Court of Appeals, if brought up in time when returnable
thereto. Relators are entitled to the remedy asked, and we can afford
it. 32 An. 180; 14 L. 483.

It is, therefore, ordered and decreed that the alternative writ herein
issued be made peremptory, and that, accordingly, the judges of the
Court of Appeals for the Second District do reinstate the case men-
tioned in the petition on the docket of said Court, assume and exercise
jurisdiction over the same, and determine all the issues therein pre-
sented, in the manner and form provided by law.